## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| HEALTHY HOME SOLUTIONS, LLC, D/B/A WWW.FASTMOLDREMOVAL.COM | Case No.: |
| Plaintiff, | |
| v. | **JURY DEMAND** |
| RMR SOLUTIONS, LLC, | JUDGE: |
| Defendant. | |

## COMPLAINT

Plaintiff, Healthy Home Solutions, LLC, (referred to herein as "HHS"), in its Complaint against Defendant, RMR Solutions, LLC. (referred to herein as "RMR"), alleges as follows:

## NATURE OF THE CASE

1.      This is an action for trademark infringement, unfair competition, and deceptive trade practices under the Lanham Act related state laws arising from RMR trading on HHS's goodwill through RMR's use of HHS's trademarks in RMR's Pay-per-Click advertising ("PPC") and Keyword Search Marketing programs.

2.      In particular, RMR has used variations of HHS's trademarks in PPR advertising campaigns, such as Google's AdWords program, so that advertisements for RMR's products appear when Internet users search for HHS's products.

3.      HHS therefore requests that this Court find that RMR has infringed upon HHS's trademark, unfairly competed, and used deceptive trade practices and that the Court further enjoin RMR from its wrongful conduct, award equitable relief to remedy the past and ongoing

damage caused by RMR's deception of customers and diversion of business, and award to HHS all damages allowed by law.

## PARTIES AND JURISDICTION

4.    Plaintiff HHS is a limited liability company organized under the laws of the State of Illinois, with its principal place of business at 966 Lambrecht Road, Frankfort, Illinois 60423.

5.    On information and belief, Defendant RMR is a limited liability company incorporated under the laws of the State of Michigan with its principal place of business at 201 Appian Way Drive Suite 202, Brighton, Michigan 48116.

6.    Subject matter jurisdiction is proper in this Court inasmuch as this action asserts violation under 14 U.S.C. §§ 1117 and 1125.  Therefore, this Court has jurisdiction over those claims, and related unfair competition claims pursuant to 15 U.S.C § 1121(a), 28 U.S.C. §§ 1331, and 1338(b).  All other claims in this action arise from the same transaction or occurrence, such that this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

7.    Venue is proper in this judicial district pursuant to 28 U.S.C § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated in this State and in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

**HHS's Common Law Trademark for "MMR" and "MMR mold stain remover"**

8.    HHS markets, advertises, and sells a variety of products, such as a mold stain remover marketed under the trademark "MMR" or "MMR Mold Stain Remover."  HHS's products are available in the United States and elsewhere throughout the world over the Internet, and through direct retailers.

9.      HHS has used the "MMR" and "MMR mold stain remover" marks since at least 2006 in the United States in connection with remediation products.

10.     HHS promotes and sells its products on-line through www.fastmoldremoval.com as a further means of promoting its products.  Its other non-Internet related promotional activities are intended to work in tandem with its Internet website, so that potential customers who learn of HHS through its promotional retail activities can quickly and conveniently gain additional information about HHS through the Internet website, as well as contact HHS for more information and to begin forming a customer relationship by requesting a quote or purchasing products.

11.     Through extensive and continuous sales, promotions, and use, the "MMR" and "MMR Mold Stain Remover" marks have become associated with HHS and identify HHS as the source of the goods offered in connection with the marks.

12.     As a result of HHS's extensive and continuous use of the "MMR" and "MMR mold stain remover" marks, the marks have become, and continue to be, a valuable property right of HHS.

**RMR's Infringing, Unfair and Deceptive Acts**

13.     RMR is a competitor of HHS.

14.     At all times relevant to this Complaint, RMR is and has been well aware of the goodwill represented and symbolized by the "MMR" and "MMR mold stain remover" marks.

15.     RMR is not now, nor has it ever been, the owner of the "MMR" or "MMR mold stain remover" marks and has not been licensed or otherwise authorized to use the marks.

16.     On information and belief, RMR operates an Internet website at www.rapidmoldremover.com

17.     Through RMR's participation in the PPC search programs and illegal use of

HHS's common law trademarks, and variations thereof, RMR arranges to have advertisements

and links for its website displayed higher than links to HHS's website in various search engine

results, such as for example, when a user searches for "mmr mold stain remover."

**Search Engine Usage**

18.     Google, Yahoo, Bing, AOL, and MSN operate Internet search engines which

allow Internet users to locate websites that correspond with entered "keywords" or search terms.

As a result, links to related websites are usually displayed in order of decreasing relevance as

determined by the search engine provider, with the most relevant websites being listed first.

19.     By using search engines such as Google, Yahoo, Bing, AOL, and MSN, Internet

users enter the subject matter they are interested in, the companies they are looking for, or the

goods and services they wish to buy.  This allows search engines to earn an overwhelming

percentage of their revenue from the sale of contextual advertising, which permits companies to

place their advertising in front of consumers.

20.     As an example, as part of its business, Google offers a keyword-triggered

advertising program called "AdWords."  AdWords enables advertisers to purchase or bid on

certain keywords.  Then, when an Internet user enters those keywords in Google's search engine,

the program generates links, known as "Sponsored Links", to the advertisers' websites.

Sponsored links appear at the top and on the margins of Google's search-result pages.  In many

instances, the search results pages are designed so that the "Sponsored Link" display is

inconspicuous, confusing and ambiguous so it is not apparent who "sponsors" these links and

whether a sponsor of the link is associated in any way with the company that is the subject of the

search.  Whenever an Internet user clicks on a Sponsored Link, the corresponding advertiser

must pay Google. The same or substantially similar policies also hold true for other search engines such as, without limitations, Yahoo, Bing, AOL, and MSN.

21. Google's trademark policy for its AdWords program specifically notes that "the advertisers themselves are responsible for the keywords and ad content that they choose to use." As such, RMR remains liable for its deliberate decision to use HHS's trademarks as keywords in its Google's AdWords program.

22. On information and belief, RMR has used HHS's trademarks, or variations thereof, as keywords for use in at least Google's AdWords program. Thus, if a user enters, for example, "mmr mold stain remover" or variations thereof, as a search phrase in Google, RMR's ad appears, with a link to RMR's website, while displaying the MMR mark(s) within the RMR ad.

23. RMR's presented ads are for products that compete with Mold Solutions MMR Mold Stain Remover product.

24. On information and belief, RMR intends to deceive potential customers to purchase its competing product when they are attempting to purchase HHS's MMR Mold Stain Remover.

25. On information and belief, RMR's ad appears before an organic link to HHS's website in search results.

26. On information and belief, at least at a time in the past and potentially currently, when an Internet user would search for "mold stain remover" using Google's search engine, an RMR ad would appear with the, "MMR Mold Remover – RapidMoldRemover.com". *See* Exhibit A.

5

27.     Despite the title of RMR's ad, RMR did not and does not in fact sell the MMR Mold Remover product; but rather, sells a competing product.

**The Harm to HHS**

28.     HHS has not given RMR permission to use its trademarks, or variations thereof, for the promotion or sale of RMR's competing products and services.  Through its use of the HHS marks as keywords, RMR seeks to exploit the hard-earned goodwill of HHS and trade on the reputation of its products.  RMR's use of HHS's trademarks, and variations thereof, for use in the AdWords program, as well as other search engine PPC programs, coupled with RMR's false implication that MMR Mold Remover can be found at www.RapidMoldRemover.com, is intended to divert consumers from the website they intended to visit, *i.e.*, HHS's own website, to RMR's competing website.  Thus, RMR is free-riding on the goodwill and reputation of HHS.

29.     By taking steps to ensure that its ad appears in the search results for "mmr mold stain remover" or "mold stain remover", RMR's actions are inherently deceptive and mislead and/or confuse consumers into believing falsely that RMR's own website is sponsored or authorized by and/or originating from HHS.

30.     RMR's conduct also constitutes a deceptive "bait and switch".  Once a potential customer enters the www.rapidmoldremover.com site from the search result ad, HHS's products are not offered or mentioned.  In other words, the "MMR mold stain remover" mark is viewable to, or otherwise used by the search engines but is not displayed to the consumers reading RMR's web pages.

31.     In other words, a consumer seeking to purchase MMR Mold Stain Remover is directed instead to a competing product.

32.     On information and belief, potential consumers have visited RMR's website www.rapidmoldremover.com using the search term "mmr mold stain remover" or variations thereof believing that the MMR Mold Stain Remover products and services are available from RMR.

33.     When the user clicks on the sponsored link, he or she is directed to RMR's website www.rapidmoldremover.com, selling competing products rather than HHS's MMR Mold Stain Remover.

34.     RMR's actions divert customers from HHS's own website and impair HHS's honest and good faith efforts to promote and sell its products on the Internet.  RMR's actions have caused damage and irreparable injury to HHS.

35.     In addition to harming HHS's reputation and the value of its mark, RMR has realized and continues to realize profits and other benefits rightfully belonging to HHS including sales of products and acquisition of customer relationships that were intended for HHS.

## COUNT I – UNFAIR COMPETITION UNDER THE LANHAM ACT § 1125(a)

36.     Plaintiff Healthy Home Solutions, LLC, repeats and re-alleges each allegation in Paragraphs 1-35 above as if restated herein in their entirety.

37.     RMR's use of keywords constitutes use in commerce.

38.     RMR's unlawful acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of RMR with HHS as to the origin, sponsorship, or approval of RMR's products.

39.     RMR's acts are causing irreparable injury to HHS, for which there is no adequate remedy at law, and will continue to do so unless and until RMR's use of the "MMR" and "MMR mold stain remover" marks, and variations thereof, is enjoined by this Court.

40.     Upon information and belief, RMR's conduct as described above has been willful, wanton, reckless, and in total disregard for HHS's rights.

41.     RMR has engaged in unlawful acts that constitute unfair competition and false designation of origin in violation of § 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a), and HHS is entitled to RMR's profits resulting from those actions, the damages caused to HHS as a result of those action, the cost of the action, and reasonable attorneys' fees in accordance with 15 U.S.C. § 1117.

## COUNT II – VIOLATION OF THE DECEPTIVE TRADE PRACTICES ACT OF ILLINOIS (815 ILCS 510/2)

42.     Plaintiff Healthy Home Solutions, LLC, repeats and re-alleges each allegation in Paragraphs 1-41 above as if restated herein in their entirety.

43.     The advertising and promotions noted above constitute representations made by RMR intended to pass off RMR's products as those of HHS; cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; and cause a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by HHS.

44.     On information and belief, RMR's conduct as described above, has been willful, wanton, reckless, and in total disregard for HHS's rights.

45.     On information and belief, RMR's actions have been taken with actual knowledge of HHS and of its use and rights in the "MMR" and "MMR mold stain remover" marks.

46.     Such actions constitute a violation of Illinois, 815 ILCS 510/2, entitling HHS to injunctive relief.

47.     Furthermore, on information and belief, RMR's violation of Illinois, 815 ILCS 510/2 was willful and deliberate, and therefore, HHS should be entitled to the costs of this action, and reasonable attorneys' fees for same pursuant to Illinois, 815 ILCS 510/3.

### COUNT III – COMMON-LAW UNFAIR COMPETITION

48.     Plaintiff Healthy Home Solutions, LLC, repeats and re-alleges each allegation in Paragraphs 1-47 above as if restated herein in their entirety.

49.     The acts of RMR have caused and continue to cause unfair and unjust commercial injury to HHS.

50.     Because of RMR's actions, HHS has been, and will be, forced to take corrective action in the marketplace to correct RMR's misrepresentations regarding HHS's product and the misrepresentations that RMR's products are Mold Solutions products, has lost business and potential business as a result of that conduct, and has incurred commercial and marketplace damages as a continuing result of the same.

51.     RMR's actions constitute common-law unfair competition.

52.     HHS is entitled to damages as a result of RMR's unfair conduct.

### RELIEF REQUESTED

WHEREFORE, Plaintiff Healthy Home Solutions, LLC, respectfully seeks the following relief against Defendant RMR Solutions, Inc.:

A.     Judgment that RMR has violated § 43(a) of the Lanham Act.

B.     Judgment that RMR has violated the Illinois Deceptive Trade Practices Act, 815 ILCS 510 *et seq*.

C.     Judgment that RMR has committed common-law unfair competition.

D.     Damages in an amount to be proven at trial.

E.      Attorney's fees incurred in this action on account of the exceptional nature of Defendant's infringing acts.

F.      A preliminary, mandatory, and permanent injunction enjoining, restraining and ordering Defendant, and its officers, agents, servants, attorneys, and other persons who are in active concert or participation with it:

> a.      To cease using the "MMR" and "MMR Mold Stain Remover" marks or any other colorable imitation or mark confusingly similar to each; and
> b.      To cease advertising or promoting RMR products in a false or misleading manner; and
> c.      To disseminate, in a form to be approved by the Court, advertising designed to correct the aforementioned false and misleading claims made by Defendant in its advertising to date.

G.      Pre-judgment and post-judgment interest, including costs incurred in this action.

H.      Any and all other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff Healthy Home Solutions, LLC, demands a trial by jury of all issues triable to a jury.

DATED: May 6, 2016                                  Respectfully submitted by,

                                                    /s/Edward L. Bishop
                                                    Edward L. Bishop
                                                    ebishop@bdl-iplaw.com
                                                    Nicholas S. Lee
                                                    nlee@bdl-iplaw.com
                                                    Benjamin A. Campbell
                                                    bcampbell@bdl-iplaw.com
                                                    Connor P. Singleton
                                                    csingleton@bdl-iplaw.com
                                                    BISHOP DIEHL & LEE, LTD.
                                                    1475 East Woodfield Road Suite 800
                                                    Schaumburg, IL 60173
                                                    Phone: (847) 969-9123
                                                    Fax: (847) 969-9124

                                                    *Attorneys for Healthy Home Solutions, LLC*